UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIANG CHEN,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et. al.,<br>Respondents. | No. 1:26-cv-00363-DAD-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

According to Petitioner, he entered the United States on or about January 7, 2022. See ECF No. 1 at 4. After entry, Petitioner was initially detained and released on parole by Department of Homeland Security. See id. Petitioner filed an asylum application, withholding of removal, and sought protection under the Convention Against Torture. See id. Petitioner asserts he was denied due process when he was re-detained on September 23, 2025, without notice or a pre-deprivation bond hearing. See id. at 5. The District Judge ordered Respondents to file an opposition to the pending temporary restraining order and address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Perez v. Albarran, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025),

O.A.C.S. v. Wofford, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), and other similar cases previously decided by the Court. See id.

On January 19, 2026, Respondents filed a joint opposition to both the temporary restraining order and preliminary injunction and requested 180 days to respond to the petition. See ECF No. 8. In the opposition, Respondents indicated there are no factual or legal issues that distinguish this case from prior cases decided by the Court. See id. The Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. See ECF No. 9. The Court ordered:

> (1) Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions he was subject to prior to his re-detention on 9/23/2025; (2) respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk; (3) Petitioner's request for a temporary restraining order enjoining respondents from transferring him during the pendency of this action is DENIED as having been rendered moot by this order; and (4) Petitioner's request for attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 is DENIED without prejudice to renewal on a properly noticed motion. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.'
>
> Id.

The matter was referred to the undersigned for further proceedings. Respondents filed a response, arguing that the petition should be dismissed as moot due to Petitioner being released from Respondents' custody. See ECF No. 11, pg. 1-2. Petitioner filed their reply, arguing the action is not moot due to the continuing risk of Petitioner's re-detention. See ECF No. 12.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and in other cases, see Sarfaraz Mohammed v. Murray, No. 1:25-CV-01761-TLN-DMC-HC, 2026 LX 11020, WL 124866 (E.D. Cal. Jan. 15, 2026), report and recommendation adopted, No. 1:25-CV-01761-TLN-DMC, 2026 WL 311864 (E.D. Cal. Feb. 5, 2026), that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Additionally, the undersigned finds Petitioner's release from detention does not render this action moot. See Cruz v. Lyons, 2025 U.S. Dist. LEXIS 234185, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025). The order granting the temporary restraining order did not adjudicate petitioner's 28 U.S.C. § 2241 petition on the merits. See id. A habeas petition is not moot where preliminary relief is not made permanent. See id. (citing Nielsen v. Preap, 586 U.S. 392, 403, 139 S. Ct. 954, 203 L. Ed. 2d 333 (2019) (plurality) (rejecting suggestion of mootness where "release had been granted following a preliminary injunction," observing that "[u]nless that preliminary injunction as made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention."). "If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief." Im v. Semaia, 2026 U.S. Dist. LEXIS 13231, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026).

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 3 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE